property owner 'actively participate' in the performance of the employee's work by exercising exclusive control over an aspect of the employee's working environment?"

The conflict case is *DeHass v. Ohio Edison Co.* (Sept. 15, 1993), Summit App. No. 15970, unreported, 1993 WL 347059.

F.E. SWEENEY, J., dissents.

COOK, J., not participating.

**97–383. State v. Anderson.**
Cuyahoga App. No. 69620. On motion for leave to file delayed appeal. Motion denied.

RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., dissent.

**97–385. State v. Williams.**
Franklin App. No. 94APA03–281. On motion for leave to file delayed appeal. Motion denied.

LUNDBERG STRATTON, J., dissents.

**97–417. State v. Nolen.**
Franklin App. No. 95APA05–569. On motion for leave to file delayed appeal. Motion denied.

**97–418. State v. Crump.**
Hamilton App. No. C–960171. On motion for leave to file delayed appeal. Motion denied.

MOYER, C.J., PFEIFER and LUNDBERG STRATTON, JJ., dissent.

**97–426. State v. Williams.**
Summit App. No. 17598. On motion for leave to file delayed appeal. Motion granted.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

**97–439. State v. Arnold.**
Lorain App. No. 96CA006605. On motion for leave to file delayed appeal. Motion denied.

MOYER, C.J., RESNICK and PFEIFER, JJ., dissent.

**97–454. State v. Johnson.**
Hamilton App. No. C–950493. On motion for leave to file delayed appeal. Motion denied.

**97–456. State v. Miller.**
Montgomery App. No. 15481. On motion for leave to file delayed appeal. Motion granted.

DOUGLAS and F.E. SWEENEY, JJ., dissent.

**97–487. State ex rel. Enoch v. Ohio Adult Parole Auth.**
In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus or alternate petition for habeas corpus. On April 1, 1997, respondent filed a document titled "Motion to Supplement the Record" with an attached document titled "Certification of Record." Respondent seeks to supplement its earlier filed motion to dismiss with the certification of record.

Whereas S.Ct.Prac.R. VIII(7) requires that any additions to a previously filed document must be filed within the time permitted for filing the original document, and respondent's original document was due March 31, 1997, and S.Ct.Prac.R. VIII(7) prescribes that the Clerk shall refuse to file a revised document that is not submitted within the deadlines prescribed by the rules,

IT IS ORDERED by the court, *sua sponte*, that respondent's motion to supplement the record be, and hereby is, stricken.

**97–579. State v. Love.**
Hamilton App. Nos. C–960498 and C–960499. On motion for stay of court of appeals proceedings. Motion denied.

PFEIFER, J., dissents.

## DISCRETIONARY APPEALS ALLOWED

**96–2641. In re Hitchcock.**
Cuyahoga App. Nos. 69291 and 69292. (Appeal of Joanne Canitia Brady on behalf of Shampail and Hastings Hitchcock; and appeal of Abdul and Mary Abdullah.) The appeals are allowed and the